497

Clerk
District Court

MAR 03 1986

For The Northern Mariana Islands
By _____
(Deputy Clerk)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

JUAN T. LIZAMA, et al.,                    )    CIVIL ACTION NO. 85-0011
                                           )
                    Plaintiffs,            )
                                           )
          vs.                              )
                                           )
JOSE S. RIOS, individually                 )
and as Mayor of Saipan,                    )
                                           )
                    Defendant,             )
                                           )
JOSE S. RIOS,                              )    DECISION AND ORDER
                                           )
     Third-Party Plaintiff,                )
                                           )
          vs.                              )
                                           )
MARIANAS PUBLIC LAND CORPORA-              )
TION, et al.,                              )
                                           )
     Third-Party Defendants,               )
                                           )
MARIANAS PUBLIC LAND TRUST,                )
                                           )
     Applicant for Intervention.          )
                                           )

        Marianas Public Land Corporation (MPLC), third-party defendant, brings this motion to disqualify Attorney Robert J. O'Connor from representing Jose S. Rios, third-party plaintiff, because of a conflict of interest under § 1.11 of the Model Rules of Professional Conduct.  For the following reasons this motion will be denied.

        Mr. O'Connor served as an Assistant Attorney General for the Commonwealth of the Northern Mariana Islands for a period of 13 months, from December, 1983 through January, 1985.  In his

capacity as an assistant attorney general, he was involved in two matters which have been brought to the Court's attention as representing a possible conflict of interest. The first is Borja, et al. v. MPLC, Civ.No. 84-312, which involved a landowner, Borja, seeking a temporary restraining order to prevent MPLC from impairing a land exchange agreement. According to MPLC, Mr. O'Connor assisted in the preparation and drafting of the reply brief in that case. MPLC's response in Borja was its assurance to the court that the land exchange would be consummated as agreed, which was the eventual result. The second matter brought to the Court's attention was Mr. O'Connor's participation in a motion for a preliminary injunction in Marianas Public Land Trust v. The Government of the CNMI and Marianas Public Land Corporation, Civ.No. 84-379. In this proceeding, Mr. O'Connor filed a brief and appeared on behalf of the government arguing that the injunction should not issue.

Rule 1.11 of the Model Rules of Professional Conduct prohibits a lawyer who leaves government service from representing a private client "in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee..." From the comments following Rule 1.11 it can be gleaned that the purpose of this rule is to prevent government attorneys from using confidential information, acquired while serving as counsel for the government, to the benefit of a private client or to the detriment of the government.

Though it is evident that while serving in the Attorney General's Office, Mr. O'Connor had some involvement in the Borja and the MPLT cases, the issues raised therein were peripheral to the issues raised in the case at bar which centers on the propriety of the land exchange policies and practices of MPLC. Rule 1.11 requires a showing of personal and substantial involvement in a matter while serving as a government attorney which is subsequently put into use to the benefit of a private client or to the detriment of the government. Movant has failed to show such personal and substantial involvement. For these reasons the motion to disqualify counsel will be denied.

IT IS SO ORDERED.

DATED this ___3rd___ day of March, 1986.

_____
JUDGE ALFRED. LAURETA